**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL CHRISTIE, individually and on
behalf of all others similarly situated,

               Plaintiff,

vs.                                    Case No.  3:14-cv-1429-J-34MCR

RAYONIER, INC., PAUL G. BOYNTON,
DAVID L. NUNES, H. EDWIN KIKER, and
HANS E. VANDEN NOORT,

               Defendants.

_____/

# O R D E R

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the instant action on

November 21, 2014, by filing a two-count Complaint, <u>see</u> Class Action Complaint for

Violations of the Federal Securities Laws (Doc. No. 1; Complaint).  Upon review, the Court

finds that the Complaint constitutes an impermissible "shotgun pleading."   A shotgun

complaint "contains several counts, each one incorporating by reference the allegations of

its predecessors, leading to a situation where most of the counts . . . contain irrelevant

factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds

& Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the

sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in

order to decide for itself which facts are relevant to a particular cause of action asserted.

See id.  Here, the second count in the Complaint incorporates by reference all allegations of the preceding count.  See Complaint at 36.[1]

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Accordingly, it is **ORDERED**:

---

[1] The Court cites to the pagination applied to the Complaint by the Court's CM/ECF system rather than the pagination applied to the Complaint by Plaintiff.

1.  The Class Action Complaint for Violations of the Federal Securities Laws (Doc. No. 1) is **STRICKEN**.

2.  Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **January 20, 2015**.  Failure to do so may result in a dismissal of this action.

3.  Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on December 15, 2014.


**MARCIA MORALES HOWARD**
United States District Judge


lc18

Copies to:

Counsel of Record